Arnold B. Calmann (abc@saiber.com)
Katherine A. Escanlar (kae@saiber.com)
**SAIBER LLC**
One Gateway Center, 10th Floor
Newark, NJ  07102-5311
Phone:  (973) 622-3333
Fax:  (973) 286-2465

George G. Matava (gmatava@merchantgould.com)
Kelly R. Lusk (klusk@merchantgould.com)
**MERCHANT & GOULD PC**
1050 Seventeenth Street, Ste. 1950
Denver, Colorado 80265
Phone:  (303) 357-1670
Fax:  (303) 357-1671

*Attorneys for Defendant VAIS Technology*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARLOWE PATENT HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>DICE ELECTRONICS, LLC; PACIFIC ACCESSORY CORPORATION; PRECISION INTERFACE ELECTRONICS, INC.; LTI ENTERPRISES, INC. d/b/a USA SPEC; and VAIS TECHNOLOGY,<br><br>Defendants. | Civil Action No. 2:10-cv-01199-PGS-ES<br><br>**DEFENDANT VAIS TECHNOLOGY'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY**<br><br>***Document Electronically Filed*** |

VAIS Technology ("Defendant" or "VAIS") hereby answers and responds to each of the allegations of Plaintiff Marlowe Patent Holdings LLC's ("Plaintiff" or "MPH") First Amended Complaint as follows:

## THE PARTIES

1.      Marlowe is a limited liability company organized and existing under the laws of the State of New Jersey, having a place of business at 33 Honeck Street, Englewood, New Jersey 07631.

RESPONSE:   VAIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis denies them.

2.      Upon information and belief, DICE Electronics, LLC (hereinafter referred to as "DICE") is a limited liability company organized and existing under the laws of the State of Nevada, conducting business in this district.

RESPONSE:   VAIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis denies them.

3.      Upon information and belief, Pacific Accessory Corporation (hereinafter referred to as "PAC") is a corporation organized and existing under the laws of the State of Florida, conducting business in this district.

RESPONSE:   VAIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis denies them.

4.      Upon information and belief, Precision Interface Electronics, Inc. (hereinafter referred to as "PIE") is a corporation organized and existing under the laws of the State of California, conducting business in this district.

RESPONSE:   VAIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis denies them.

5.      Upon information and belief, LTI Enterprises, Inc. d/b/a USA SPEC (hereinafter referred to as "USA SPEC") is a company organized and existing under the laws of the State of California, conducting business in this district.

RESPONSE:   VAIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis denies them.

6.      Upon information and belief, VAIS Technology (hereinafter referred to as "VAIS") is a company organized and existing under the laws of the State of Colorado, conducting business in this district. DICE, PAC, PIE, USA SPEC and VAIS will hereinafter sometimes be collectively referred to as "Defendants".

RESPONSE:   VAIS admits that it is a Colorado domestic profit corporation conducting business in this district.  To the extent that any factual allegations remain in Paragraph 6, VAIS denies them.

## JURISDICTION AND VENUE

7.      This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

RESPONSE:  VAIS admits that Plaintiff asserts that this action is brought pursuant to the patent laws of United States of America, Title 35 of the United States Code as well as 28 U.S.C. §§ 1331 and 1338(a).

8.      Upon information and belief, each of the Defendants are doing business and committing infringements in this judicial district and each are subject to personal jurisdiction in this judicial district.

RESPONSE:  VAIS admits that this Court has personal jurisdiction over VAIS because it conducts business in this district.  VAIS denies all remaining allegations of Paragraph 8.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

RESPONSE:  VAIS admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because it resides in this district.  To the extent that any allegations remain in Paragraph 9, VAIS denies them.

### THE PATENT

10.     Plaintiff MPH repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 9 above.

RESPONSE:  VAIS incorporates by reference its answers to paragraphs 1 through 9 above.

11.     On February 10, 2009, U.S. Patent No. 7,489,786 (hereinafter referred to as "the '786 patent") was duly and legally issued to Ira Marlowe ("Marlowe") for an invention entitled "Audio Device Integration System". On March 4, 2010, Marlowe assigned all rights in and to the '786 patent to MPH. The '786 patent pertains to an audio device integration system that enables

after-market audio products such as a CD player, a CD changer, an MP3 player, a satellite

receiver, a digital audio broadcast receiver, and other auxiliary sources, to be connected to,

operate with, and be controlled from, an existing stereo system in an automobile. A copy of the

'786 patent is attached hereto as Exhibit 1.

RESPONSE: VAIS admits that U.S. Patent No. 7,489,786 for "Audio Device Integration

System" was issued by the United States Patent and Trademark Office ("USPTO) on

February 10, 2009. VAIS is without information sufficient to form a belief as to whether Ira

Marlowe assigned all rights in and to the '786 Patent to MPH. VAIS admits that the '768 Patent

is attached to the Complaint as Exhibit 1. VAIS objects to the characterization of the contents of

the '768 Patent because the patent speaks for itself. Moreover, to the extent Paragraph 11 sets

forth legal conclusions rather than factual allegations, no response is necessary.

## CLAIM FOR PATENT INFRINGEMENT

## COUNT ONE

12.     Plaintiff MPH repeats and incorporates herein the entirety of the allegations

contained in paragraphs 1 through 11 above.

RESPONSE:  VAIS incorporates by reference its answers contained in Paragraph 1

through 11 above.

13.     Defendant DICE has and still is directly infringing the '786 patent by, among

other things, selling and offering for sale in this judicial district interfaces that enable auxiliary

audio devices to be integrated with an existing automobile stereo system in a manner defined by

the claims of the '786 patent without permission from MPH. For example, DICE is selling and

offering for sale in this judicial district its I-Honda-R4/5V Silverline/PRO iPod and auxiliary audio input interface.

RESPONSE:   Since Paragraph 13 pertains to Defendant DICE no response is necessary from VAIS.  To the extent an answer is required, VAIS states that it is without sufficient information to form a belief and on that basis denies the same.

14.    Defendant PAC has and still is directly infringing the '786 patent by, among other things, selling and offering for sale in this judicial district interfaces that enable auxiliary audio devices to be integrated with an existing automobile stereo system in a manner defined by the claims of the '786 patent without permission from MPH. For example, PAC is selling and offering for sale in this judicial district its uPAC-TOY1, PXAMG, and GW16AC1 iPod/iPhone and auxiliary audio input interfaces.

RESPONSE:   Since Paragraph 14 pertains to Defendant PAC no response is necessary from VAIS.  To the extent an answer is required, VAIS states that it is without sufficient information to form a belief and on that basis denies the same.

15.    Defendant PIE has and still is directly infringing the '786 patent by, among other things, selling and offering for sale in this judicial district interfaces that enable auxiliary audio devices to be integrated with an existing automobile stereo system in a manner defined by the claims of the '786 patent without permission from MPH. For example, PIE is selling and offering for sale in this judicial district its FRD04-POD/s iPod interface.

RESPONSE:   Since Paragraph 15 pertains to Defendant PIE no response is necessary from VAIS.  To the extent an answer is required, VAIS states that it is without sufficient information to form a belief and on that basis denies the same.

16.     Defendant USA SPEC has and still is directly infringing the '786 patent by, among other things, selling and offering for sale in this judicial district interfaces that enable auxiliary audio devices to be integrated with an existing automobile stereo system in a manner defined by the claims of the '786 patent without permission from MPH. For example, USA SPEC is selling and offering for sale in this judicial district its PA15-INFI iPod and auxiliary audio input interface.

RESPONSE:   Since Paragraph 16 pertains to Defendant USA SPEC no response is necessary from VAIS.  To the extent an answer is required, VAIS states that it is without sufficient information to form a belief and on that basis denies the same.

17.     Defendant VAIS has and still is directly infringing the '786 patent by, among other things, selling and offering for sale in this judicial district interfaces that enable auxiliary audio devices to be integrated with an existing automobile stereo system in a manner defined by the claims of the '786 patent without permission from MPH. For example, VAIS is selling and offering for sale in this judicial district its SoundLinQ2 (SL2V) iPod video and auxiliary audio input interface.

RESPONSE:   VAIS denies the allegations set forth in Paragraph 17.

18.     MPH alleges that each of the Defendants' accused interface devices infringe claim 57 of the '786 patent. MPH believes that discovery will reveal that Defendants are infringing additional claims of the '786 patent.

RESPONSE:   VAIS denies the allegations set forth in Paragraph 18.

19.     Plaintiff has been damaged by each of the Defendants' infringement of the '786 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

RESPONSE:   VAIS denies the allegations set forth in Paragraph 19.

## DEFENDANT VAIS' SEPARATE DEFENSES, COUNTERCLAIMS AND PRAYER FOR RELIEF

### SEPARATE DEFENSES

Further answering the Complaint, VAIS asserts the following defenses. VAIS reserves

the right to amend its Answer with additional defenses as further information is determined.

### FIRST SEPARATE DEFENSE
### (Failure to State a Claim)

20.   VAIS incorporates by reference paragraphs 1 through 19 of its Answer.

21.   Plaintiff's Complaint fails to state a claim against VAIS upon which relief may be

granted.

### SECOND SEPARATE DEFENSE
### (Non-infringement of the '786 Patent)

22.   VAIS incorporates by reference paragraphs 1 through 21 of its Answer.

23.   VAIS has not infringed, contributed to the infringement of, nor induced the

infringement of any valid claim of the '786 Patent, and is not liable for infringement thereof

because it fails to practice any system or method claimed in the '786 Patent.  Plaintiff continues

to fail to articulate reasonable grounds for asserting infringement against VAIS.

### THIRD SEPARATE DEFENSE
### (Invalidity of the '786 Patent)

24.   VAIS incorporates by reference paragraphs 1 through 23 of its Answer.

25.   One or more claims of each of the '786 Patent are invalid for failing to comply

with the provisions of the Patent Laws of the United States, including without limitation 35

U.S.C. §§ 101, 102, 103 and/or 112, and Plaintiffs claims for relief are therefore barred.

26.     Among other reasons, the '786 Patent is invalid in view of U. S. Patent 6,772,212 alone, and in conjunction with other patents including, but not limited to, U.S. Patent Nos. 6,157,725 and 6,192,340 and prior uses of the technology under 35 U.S.C. §§ 102(f) and 103.

### FOURTH SEPARATE DEFENSE
#### (Prosecution History Estoppel)

27.     VAIS incorporates by reference paragraphs 1 through 26 of its Answer.

28.     To the extent that Plaintiff attempts to assert infringement under the doctrine of equivalents, arguments and amendments contained in the prosecution history of the '786 Patent will estop or bar any claims for alleged infringement.

29.     During the prosecution of the patents-in-suit, the applicant was forced to amend claims and to characterize its invention in order to avoid being invalidated by the prior art. Many of the claim limitations added are not part of any VAIS product. Furthermore, many of the claims limitations, as characterized during the prosecution of the '786 Patent, would not encompass VAIS' products.

### FIFTH SEPARATE DEFENSE
#### (Laches and Estoppel)

30.     VAIS incorporates by reference paragraphs 1 through 29 of its Answer.

31.     Plaintiff's Complaint is barred, in whole or in part, under the doctrine of laches.

32.     Plaintiff's Complaint is barred, in whole or in part, under the doctrine of estoppel.

## VAIS' COUNTERCLAIMS

33.     Counterclaimant VAIS hereby submits these counterclaims pursuant to Federal Rule of Civil Procedure 13 and incorporates by reference paragraphs 1 through 32 of its Answer.

34.     Plaintiff has asserted that VAIS infringes the '786 Patent.  A definite and concrete, real and substantial, justiciable controversy exists between Plaintiff and VAIS with respect to the validity and infringement of the '786 patent, which of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

35.     This is an action for declaratory relief brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, and 1367.

36.     VAIS is a Colorado domestic profit corporation with its principal place of business in Greenwood Village, Colorado.

37.     Upon information and belief, Plaintiff is a New Jersey Oregon corporation with its principal place of business in Englewood, New Jersey.

38.     This Court has personal jurisdiction over Plaintiff at least because Plaintiff submitted itself to this Court's personal jurisdiction by suing VAIS in this Court.

39.     Venue for these counterclaims is proper in this Court under 28 U.S.C. §§ 1391.

## FIRST COUNTERCLAIM
### (Invalidity)

40.     VAIS incorporates by reference paragraphs 1 through 39 of its Answer and Counterclaim.

41.     The claims of the '786 Patent are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101 *et seq.*

42.    The claims of the '786 Patent are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SECOND COUNTERCLAIM
### (Non-infringement)

43.    VAIS incorporates by reference paragraphs 1 through 42 of its Answer and Counterclaim.

44.    VAIS has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of any of the '786 Patent.

## PRAYER FOR RELIEF

WHEREFORE, VAIS respectfully prays for the entry of judgment as follows:

A.    Dismissing with prejudice any and all claims of Plaintiff's Complaint and ordering that Plaintiff take nothing as a result of the Complaint;

B.    Declaring that the '786 Patent and its claims are invalid;

C.    Declaring that VAIS has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the patents-in-suit.

D.    Denying Plaintiff any remedies available under 35 U.S.C. § 284;

E.    Denying Plaintiff any injunctive relief;

F.    Denying Plaintiff any other relief as to its Claims for Relief asserted in the Complaint;

G.    Finding that this is an exceptional case and awarding VAIS its attorneys' fees as the prevailing party pursuant to 35 U.S.C. § 285;

H.      Awarding VAIS its costs of suit; and

I.      Awarding such further relief as deemed just and proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Federal Rule of Civil Procedure 38(b), VAIS hereby demands a trial by jury of all issues triable as of right in this action.

Respectfully submitted,

**SAIBER LLC**
*Attorneys for Defendant*
*VAIS Technology*

Dated: May 14, 2010

  s/ Arnold B. Calmann
Arnold B. Calmann (abc@saiber.com)
Katherine A. Escanlar (kae@saiber.com)
One Gateway Center, 10th Floor
Newark, New Jersey 07102
Phone:  (973) 622-3333
Fax:  (973) 286-2465

George G. Matava (gmatava@merchantgould.com)
Kelly R. Lusk (klusk@merchantgould.com)
**MERCHANT & GOULD PC**
1050 Seventeenth Street, Ste. 1950
Denver, Colorado 80265
Phone:  (303) 357-1670
Fax:  (303) 357-1671

*Attorneys for Defendant*
*VAIS Technology*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not related to any other action, pending arbitration or administrative proceeding currently pending in any Court.

s/ Arnold B. Calmann
Arnold B. Calmann

Dated:  May 14, 2010

## CERTIFICATION PURSUANT TO L. CIV. R. 201.1

Pursuant to L. Civ. R. 201.1, the undersigned counsel for VAIS hereby certifies that this case involves a request for injunctive relief.  This action is, therefore, not appropriate for compulsory arbitration.

s/ Arnold B. Calmann
Arnold B. Calmann

Dated:  May 14, 2010

DEFENDANT VAIS TECHNOLOGY'S ANSWER TO FIRST AMENDED COMPLAINT
- 13 -